UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMMIGRANT INVESTORS ASSOCIATION, INC., d/b/a INVEST IN THE USA ("IIUSA")<br>   1440 G. St. NW,<br>   Washington, D.C. 20005<br><br>                 Plaintiff,<br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"),<br>   5900 Capital Gateway Drive,<br>   Camp Springs, MD 20746,<br><br>                 Defendant. | Case No.: 1:25-cv-389 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

**INTRODUCTION**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel United States Citizenship and Immigration Services ("USCIS") to comply with several FOIA requests filed by Plaintiff Immigrant Investors Association, Inc., d/b/a Invest in the USA ("IIUSA").

2. IIUSA is a national membership-based not-for-profit 501(c)(6) trade association whose members include regional centers designated by USCIS to participate in the EB-5 Immigrant Investor Program. Among other things, IIUSA monitors changes in USCIS policy on its implementation of the EB-5 Program and educates its members on industry best practices.

3. In furtherance of those objectives, IIUSA filed numerous FOIA requests with USCIS from July 15, 2024 to December 4, 2024, seeking records relating to USCIS's statistics and records related to its processing of I-526 and I-526E Petitions. *See* **Exhibits 1-10**.

1

4. USCIS acknowledged receipt of the FOIA requests between July 15, 2024 to December 4, 2024 and assigned the following **control numbers: COW2024005370. COW2024005371, COW2024005853, COW2024005854, COW2024006741, COW2024006742, COW2024007422, COW2024007423, COW2024008864, COW2024008865.** *See* **Exhibits 1-10**. But to date, USCIS has neither produced any records in response to the FOIA requests nor informed Plaintiff of any "unusual circumstances" that warrant additional time.

5. The statutory 20-day response deadline passed on the latest request on January 7, 2025, pursuant to 5 U.S.C. § 552(a)(6)(A)(i).

6. USCIS requested a 10 business day extension pursuant to 5 U.S.C. § 552(a)(6)(B), making their response deadline January 23, 2025.

7. However, as of February 7, 2025, the FOIA requests remain pending. *See* **Exhibit**

8. Through this lawsuit, the IIUSA seeks to compel USCIS's response to its July 15, 2024 to December 4, 2024 FOIA requests.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction under 28 U.S.C. § 1331.

10. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12. Plaintiff IIUSA is a national membership-based 501(c)(6) not-for-profit trade association. IIUSA is primarily engaged in disseminating information to its members and has a

compelling need for, and a vital interest in, the information sought in the FOIA request.

13.     Defendant USCIS is a component of the Department of Homeland Security. It is also an "agency" within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession, custody, and control over records responsive to IIUSA's FOIA request.

## STATEMENT OF FACTS

### A. Statutory Framework

14.     FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

15.     In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

16.     An agency must comply with a FOIA request by issuing a determination within 20 business days of receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

17.     The determination "must at least inform the request of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 771 F.3d 180, 186 (D.C. Cir. 2013).

18.     An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

19.     An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

20.     An agency's failure to comply with any timing requirement is deemed a constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5

U.S.C. § 552(a)(6)(C)(i).

21.     A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**B. Factual Background**

22.     Under the EB-5 Program, 8 U.S.C. § 1153(b)(5), foreign investors can obtain lawful permanent residency in the United States if they invest substantial capital in a job-creating business.

23.     Obtaining full permanent residency in the United States through the EB-5 Program involves several steps. First, the investor must file Form I-526/E with USCIS's Immigrant Investor Program Office ("IPO"). *See* 8 C.F.R. § 204.6(a). If the I-526/E petition is approved, the investor must then apply for adjustment of status with USCIS, or seek an immigrant visa from the State Department abroad. Upon a grant of adjustment of status or entry to the United States on an EB-5 visa, the investor and his or her dependents obtain lawful permanent residence on a conditional basis. Finally, within the 90-day period preceding the investor's two-year anniversary of obtaining conditional residency, the investor must file Form I-829 with the IPO to remove the conditions on the investor's permanent residency. *See generally* 8 C.F.R. § 216.6.

24.     In several FOIA requests dated July 15, 2024 to December 4, 2024, IIUSA sought records relating to USCIS's statistics related to the number of receipts, approvals, withdrawals, and denials of I-526 and I-526E Petitions. *See* **Exhibit 1-10**.

25.     The statutory 20-business day response deadline plus 10 day extension for the last request passed on January 23, 2025, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). But to date, USCIS has neither produced any records in response to the FOIA requests nor informed Plaintiff of any "unusual circumstances" that warrant additional time.

26. Plaintiff is informed and believes that as of February 7, 2025, the FOIA requests remains pending.

27. Obtaining these records is critical to IIUSA's mission. One of IIUSA's most important goals is educating its members on USCIS policies and practices in its adjudication process of EB-5 visa petitions.

28. The records requested in IIUSA's July 15, 2024 to December 4, 2024 FOIA requests are critical to IIUSA's ability to properly educate its members on current USCIS policy and practice with respect to the adjudication processes of USCIS, as well as how (if at all) those policies and statistics have changed over time.

29. To date, USCIS has neither produced records in response to the July 15, 2024 to December 4, 2024 FOIA requests nor provided written notice of unusual circumstance.

## CAUSES OF ACTION

### Count I:
### Failure to Respond to Request Within Statutory Timeframe

30. Plaintiff incorporates paragraphs 1 through 29, as if fully stated in this Count.

31. USCIS has failed to respond to Plaintiff's July 15, 2024 to December 4, 2024 FOIA requests within the statutorily mandated timeframe, in violation of FOIA, 5 U.S.C. §§ 552(a)(6).

### Count II:
### Failure to Produce Responsive Records

32. Plaintiff incorporates paragraphs 1 through 31, as if fully stated in this Count.

33. USCIS has failed to make reasonable efforts to search for records responsive to Plaintiff's July 15, 2024 to December 4, 2024 FOIA requests in violation of FOIA, 5 U.S.C. § 552(a)(3).

34. USCIS failed to disclose and produce any records responsive to Plaintiff's July 15,

2024 to December 4, 2024 FOIA requests in violation of 5 U.S.C. § 552(a)(3)(A).

## ATTORNEYS' FEES

35. Plaintiff incorporates paragraphs 1 through 33 herein, as if fully stated in this Count.

36. Plaintiff is entitled to recover its reasonable attorneys' fees and litigation costs in connection with this lawsuit. 5 U.S.C. § 552(a)(4)(E)(i).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on its behalf and:

a. Declare USCIS's refusal to disclose the records request by Plaintiff to be unlawful and in violation of FOIA;

b. Order USCIS to immediately release and deliver to Plaintiff all records responsive to Plaintiff's request;

c. Enjoin USCIS from withholding records responsive to Plaintiff's request;

d. Award Plaintiff costs and reasonable attorneys' fees incurring in bringing this action;

e. Grant such other relief as the Court may deem just and proper.

Dated: February 7, 2025                           Respectfully submitted,

/s/ Brandon Meyer
Brandon Meyer, Esq.
DC Attorney No. 999038
1400 Pine Street, #640425
San Francisco CA 94164

6